IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

    Plaintiff,

        v.

GERMAINE R. BRYANT,

    Defendant.

Case No. 13-cr-40042-JPG

## MEMORANDUM AND ORDER

This matter comes before the Court on consideration of defendant Germaine R. Bryant's *pro se* motions for a reduction of his criminal sentence pursuant to 18 U.S.C. § 3582(c)(2) and United States Sentencing Guidelines Manual ("U.S.S.G.") § 1B1.10 (Docs. 57 & 61). Counsel, who has appeared for the defendant on a voluntary basis, has moved to withdraw on the basis that she can make no non-frivolous arguments in support of a request for reduction (Doc. 64). *See Anders v. California*, 386 U.S. 738, 744 (1967). The Government has responded that it has no objection to counsel's motion (Doc. 68). The defendant objects to counsel's withdrawal and asks for appointment of new counsel and a hearing (Docs. 66 & 67). He has also asked for the status of his motions (Doc. 62).

The defendant pled guilty to one count of possession with intent to distribute crack cocaine. At sentencing, the Court adopted the presentence investigation report's relevant conduct finding of 340.2 grams of crack cocaine, which under U.S.S.G.[1] § 2D1.1 yielded a base offense level of 32. His offense level was increased by 2 points under U.S.S.G. § 2D1.1(b)(1) because the defendant possessed a dangerous weapon during the offense, and was reduced by 3 points under U.S.S.G. § 3E1.1(a) and (b) because the defendant accepted responsibility for his crime. This established a

---

[1] Unless otherwise noted, the references to the U.S.S.G. in this order are to the 2012 version.

total offense level of 31 which, considering the defendant's criminal history category of VI, yielded a sentencing range of 188 to 235 months in prison. The Court granted the defendant's motion for a downward variance from the guideline range and imposed a sentence of 144 months. The below-guideline variance was not due to the defendant's substantial assistance to the Government.

The defendant now asks the Court to apply recent changes to U.S.S.G. § 2D1.1 to lower his sentence. Amendment 782 amended U.S.S.G. § 2D1.1(c) as of November 1, 2014, to lower some base offense levels associated with various relevant conduct drug amounts. The relevant parts of Amendment 782 are retroactive. *See* U.S.S.G. § 1B1.10(d) (2014).

Section 3582(c)(2) allows the Court to reduce a defendant's previously imposed sentence where "a defendant . . . has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o) . . . ." In doing so, the Court must consider the factors set forth in 18 U.S.C. § 3553(a) and must ensure that any reduction "is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). Thus, a defendant urging a sentence reduction under § 3582(c)(2) must satisfy two criteria: (1) the Sentencing Commission must have lowered the applicable guideline sentencing range, and (2) the reduction must be consistent with applicable policy statements issued by the Sentencing Commission.

The defendant satisfies the first criterion because he was "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)." 18 U.S.C. § 3582(c)(2). Amendment 782 reduced the defendant's base offense level from 32 to 30. His total offense level then fell from 31 to 29,

yielding a lower sentencing range of 151 to 188 months.

However, the defendant does not satisfy the second criterion because allowing a reduction would be inconsistent with the applicable policy statement, U.S.S.G. § 1B1.10 (2014). That statement provides that the guideline range reduction contained in Amendment 782 may be applied retroactively pursuant to 18 U.S.C. § 3582(c)(2) to reduce previously imposed sentences with certain limitations. U.S.S.G. § 1B1.10(a)(1) & (d) (2014). One of those limitations is that the Court may not reduce a defendant's term of imprisonment to a term that is lower than the amended guideline range unless an existing below-guideline sentence was due to the defendant's substantial assistance to the Government. U.S.S.G. § 1B1.10(b)(2)(A) & (B) (2014). The defendant's original term of imprisonment (144 months) is already lower than the amended guideline range (151 to 188 months), so any reduction from that sentence would also be lower than the amended guideline range. However, since the existing below-guideline sentence was not a result of the defendant's substantial assistance to the Government, a reduction from that sentence would be inconsistent with U.S.S.G. § 1B1.10(b)(2)(A) & (B) (2014). Therefore, the Court cannot reduce the defendant's sentence.

For the foregoing reasons, the Court **DENIES** the defendant's motions for a reduction (Docs. 57 & 61), **GRANTS** counsel's motion to withdraw (Doc. 64) and **ORDERS** that counsel is **WITHDRAWN** from this case. The Court further **DENIES** the defendant's motion for status (Doc. 62) **as moot** in light of this order and **DENIES** the defendant's motions for new counsel and a hearing (Docs. 66 & 67) in light of the fact that there is no argument counsel could make to convince the Court that the defendant is eligible for a sentence reduction.

The Clerk of Court is hereby **DIRECTED** to mail a copy of this order to defendant

Germaine R. Bryant, No. 10139-025, FCI Manchester, Federal Correctional Institution, P.O. Box 4000, Manchester, KY 40962.

**IT IS SO ORDERED.**
**DATED:   November 30, 2017**

                                                  s/ J. Phil Gilbert
                                                  **J. PHIL GILBERT**
                                                  **U.S. DISTRICT JUDGE**